WILLIAM R. TAMAYO, SBN 084965 (CA)
JONATHAN T. PECK, SBN 12303 (VA)
MARCIA L. MITCHELL, SBN 18122 (WA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA  94105
Telephone No. (415) 625-5651
Fax No. (415) 625-5657
Marcia.Mitchell@eeoc.gov

Attorneys for Plaintiff

E-filing

UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>McKINNEY-GRIFF, INC.  dba MERRITT RESTAURANT & BAKERY, THE MERRITT BAKERY, INC., MERRITT BAKERY CAFÉ, LLC dba MERRITT RESTAURANT & BAKERY,<br><br>Defendants. | Case No.:<br><br>**CV 11 4468**<br><br>**COMPLAINT**<br><br>**CIVIL RIGHTS – EMPLOYMENT DISCRIMINATION**<br><br>**JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, 42 U.S.C. §12101 *et. seq.*, ("ADA") and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Jerry Gallon who was adversely affected by such practices.  As alleged below, Defendants McKinney-Griff Inc. dba Merritt Restaurant & Bakery, The Merritt Bakery, Inc. and Merritt Bakery Café LLC dba Merritt Restaurant & Bakery (collectively, Defendants or "Merritt Restaurant") unlawfully discriminated against Jerry Gallon,

a qualified individual with a disability, by failing to accommodate Jerry Gallon's disability, by

unfavorably altering the terms and conditions of Jerry Gallon's employment and then firing him

because of his disability, a seizure disorder.  The EEOC also alleges that Merritt Restaurant fired

Jerry Gallon in retaliation for his opposition to Merritt Restaurant's discriminatory practices.

The Commission also alleges that Defendants violated the recordkeeping requirements of the

ADA.

JURISDICTION AND VENUE

1.       Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and

1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with

Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a) which incorporates by reference

Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended (Title VII),

42 U.S.C. §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991,

42 U.S.C. §1981a.

2.       The employment practices alleged to be unlawful were and are now being committed

within the County of Alameda in the State of California which is within the jurisdiction of the

United States District Court for the Northern District of California. Venue is therefore proper in

the United States District Court for the Northern District of California.

INTRADISTRICT ASSIGNMENT

3.       This action is appropriate for assignment to the Oakland Division of this Court as the

alleged unlawful practices were and are now being committed in Alameda County, which is

within the jurisdiction of the Oakland Division.

PARTIES

4.       Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the

agency of the United States of America charged with the administration, interpretation, and

Complaint                                    - 2

enforcement of the ADA and is expressly authorized to bring this action by Section 107(a) of the

ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title

VII, 42 U.S.C. §2000e-5(f)(1) and (3).

5.     At all relevant times, Defendant McKinney Griff, Inc. has continuously been and is now

a California Corporation doing business in the State of California and the City of Oakland under

the name Merritt Restaurant & Bakery and has continuously had at least fifteen employees.

6.     At all relevant times, Defendant The Merritt Restaurant, Inc. has continuously been and is

now a California Corporation doing business in the State of California and the City of Oakland

under the name Merritt Restaurant & Bakery and has continuously had at least fifteen

employees.

7.     At all relevant times, Defendant Merritt Bakery Café, LLC has continuously been and is

now a California Corporation doing business in the State of California and the City of Oakland

under the name Merritt Restaurant & Bakery and has continuously had at least fifteen

employees.

8.     At all relevant times, Defendant McKinney Griff has continuously been an employer

engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42

U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by

reference Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b), (g), and (h).

9.     At all relevant times, Defendant McKinney Griff has been a covered entity under Section

101(2) of the ADA, 42 U.S.C. §12111(2).

10.     At all relevant times, Defendant The Merritt Restaurant, Inc. has continuously been an

employer engaged in an industry affecting commerce within the meaning of Section 101(5) of

the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which

Complaint                                - 3

incorporates by reference Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b), (g), and (h).

11.     At all relevant times, Defendant The Merritt Restaurant, Inc. has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

12.     At all relevant times, Defendant Merritt Bakery Café, LLC has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b), (g), and (h).

13.     At all relevant times, Defendant Merritt Bakery Café, LLC has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

STATEMENT OF CLAIMS

FIRST CLAIM FOR RELIEF

Violation of the Americans with Disabilities Act: Failure to Accommodate

14.     More than thirty days prior to the institution of this lawsuit, Jerry Gallon filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendants. The Commission has issued a Letter of Determination finding reasonable cause to believe that Defendants discriminated against Jerry Gallon because of his disability and therefore violated the ADA.  Prior to instituting this lawsuit, the Commission attempted to eliminate the unlawful employment practices alleged herein and to effect voluntary compliance with the ADA through informal methods of conciliation, conference and persuasion within the meaning of Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b). All conditions precedent to the institution of this lawsuit have been fulfilled.

Complaint                            - 4

15.    Since at least September 2009, Defendants have engaged in unlawful employment practices at its Oakland California location in violation of Sections 102(b)(5) of the ADA, 42 U.S.C. §12112(b)(5) by failing to accommodate Jerry Gallon's disability, a history of seizures.

16.    Jerry Gallon applied to work for Defendants as a Cook in January 2009. Jerry Gallon notified then Kitchen Manager about his seizure disorder during his job interview and also informed the Kitchen Manager that he had not had a seizure in six or seven years. Defendants hired Jerry Gallon to work on the night shift. Defendants' owner subsequently promoted Jerry Gallon to the position of Kitchen Manager.

17.    On September 2, 2009 Jerry Gallon began to feel unwell while working for Defendants and suspected that he might have a seizure. Jerry Gallon notified the Bakery Manager that he had previously suffered from seizures, that he was having symptoms suggesting an oncoming seizure, and that he needed to go home. Jerry Gallon lived approximately two blocks from the restaurant. The Bakery Manager denied the request and Jerry Gallon had a seizure at work. Defendants failed to grant Jerry Gallon's request for time off as a reasonable accommodation of his disability, a history of seizures, in violation of the Americans with Disabilities Act.

18.    The effect of the practices complained of in paragraphs 14 through 17 above has been to deprive Jerry Gallon of equal employment opportunities and otherwise to adversely affect his status as an employee because of his disability, a history of seizures.

19.    The unlawful employment practices complained of in paragraphs 14 through 17 above were and are intentional.

20.    The unlawful employment practices complained of in paragraphs 14 through 17 above were and are committed with malice and/or reckless disregard for the federally protected rights of Mr. Gallon.

Complaint                                    - 5

SECOND CLAIM FOR RELIEF

Violation of Americans with Disabilities Act:
Suspension, Involuntary Transfer and Termination

21.     Plaintiff Commission hereby incorporates the allegations of Paragraphs 1 through 13, 16

through 17, above as though fully set forth herein.

22.     Since at least September 2009, Defendants have engaged in unlawful employment

practices in violation of Section 102(a), 42 U.S.C. §12112(a) of the Americans with Disabilities

Act by taking adverse actions against Jerry Gallon, including suspending Jerry Gallon,

involuntarily transferring him to the day shift and cutting his hours, then firing him because of

his disability.

23.     Jerry Gallon attempted to return to work on September 3, 2009 and gave Defendants the

medical release he received after being treated for the seizure he suffered on September 2, 2009.

Defendants refused to allow Jerry Gallon to work.  Defendants also refused to allow Jerry Gallon

to work on September 4, 2009.  Defendants permitted Jerry Gallon to return to work on

September 5, 2009, but only after involuntarily transferring him to the day shift where

Defendants could monitor him because Defendants believed he might have another seizure.

Defendants made this decision without consulting with Jerry Gallon's physicians.  Jerry Gallon's

hours were cut as a result of being assigned to the day shift. Jerry Gallon immediately

complained to Defendants' owner and General Manager about the involuntary transfer and about

his hours being cut.  Defendants fired Jerry Gallon on September 18, 2009 although his last day

of work was September 13, 2009.

24.     The effect of the practices complained of in paragraphs 21 through 23 above has been to

deprive Jerry Gallon of equal employment opportunities and otherwise to adversely affect his

status as an employee because of his disability, a history of seizures.

Complaint                                    - 6

25.   The unlawful employment practices complained of in paragraphs 21 through 23 above were and are intentional.

26.   The unlawful employment practices complained of in paragraphs 21 through 23 above were and are committed with malice and/or reckless disregard for the federally protected rights of Jerry Gallon Gallon.

THIRD CLAIM FOR RELIEF

Violation of Americans with Disabilities Act: Retaliation

27.   Plaintiff Commission hereby incorporates the allegations of Paragraphs 1 through 13, 16 through 17 above as though fully set forth herein.

28.   Since at least September 2009, Defendants have engaged in unlawful employment practices in violation of Section 503(a), 42 U.S.C. §12203(a) of the Americans with Disabilities Act by taking adverse actions against Jerry Gallon because he opposed Defendants' failure to accommodate his disability and opposed the decision to transfer him involuntarily to the day shift and to cut his hours because of his disability, a history of seizures.

29.   Jerry Gallon had a seizure at work on September 2, 2009. Jerry Gallon's eyeglasses were broken during the seizure.  Defendants called 9-1-1 while Jerry Gallon was having the seizure and he was later transported to the hospital by ambulance. Before leaving for the hospital, Jerry Gallon asked Defendants to gather his personal knives that he used to work in the kitchen for safekeeping.  Defendants promised to guard Jerry Gallon's knives, but the knives disappeared. In addition, Jerry Gallon was billed $1500.00 for the ambulance trip.

30. Jerry Gallon returned to work on September 3, 2009 with a medical release after receiving treatment for the seizure he suffered on September 2, 2009. Defendants refused to allow Jerry Gallon to work until September 5, 2009. On September 4, 2009, Defendants informed Jerry

Complaint                              - 7

Gallon that he was being transferred to the day shift. Jerry Gallon's hours were cut as a result of being assigned to the day shift.

31.    Jerry Gallon complained to Defendants' owner and General Manager about being suspended, about the involuntary transfer and about his hours being cut. Jerry Gallon also made several attempts after his seizure to get Defendants to provide workers' compensation forms so he could pay the ambulance bill and for his health care, including a prescription for medication to treat his seizures. He also asked Defendants to reimburse him for his broken glasses and lost knives. Defendants' owner refused to reimburse Jerry Gallon or assist him with workers' compensation claim. Defendants fired Jerry Gallon on September 18, 2009 although his last day of work was September 13, 2009.

32.    Defendants took adverse actions against Jerry Gallon in retaliation for his opposition to discrimination based on his disability, including but not limited to, suspending him, reducing his hours, refusing to assist him with workers' compensation claims, refusing to reimburse him for his broken eyeglasses, the ambulance fee and other expenses related to his seizure.

33.    The effect of the practices complained of in paragraphs 27 through 32 above has been to deprive Jerry Gallon of equal employment opportunities and otherwise to adversely affect his status as an employee because of his disability, a history of seizures.

34.    The unlawful employment practices complained of in paragraphs 27 through 32 above were and are intentional.

35.    The unlawful employment practices complained of in paragraph 27 through 32 above were and are committed with malice and/or reckless disregard for the federally protected rights of Mr. Gallon.

## FOURTH CLAIM FOR RELIEF

### Violation of Americans with Disabilities Act: Recordkeeping

36.     Plaintiff Commission hereby incorporates the allegations of Paragraphs 1 through 13 above as though fully set forth herein.

37.     Since at least September 2009, Defendants have maintained a practice of failing to preserve personnel records relevant to Jerry Gallon's seizure, discharge and the EEOC charge of discrimination in violation of Section 107(a) of the ADA  and 29 C.F.R. §1602.14

38.     The effect of the unlawful employment practices complained of in paragraphs 36 through 37 above has been to deprive Jerry Gallon of equal employment opportunities and adversely affect his status as an employee.

39.     The unlawful employment practices complained of in paragraphs 36 through 37 above are and were intentional.

40.     The unlawful employment practices complained of in paragraphs 36 through 37 above were done with malice and/or reckless indifference to the federally protected rights of Jerry Gallon.

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, Merritt Restaurant their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of disability.

B.     Grant a permanent injunction enjoining Defendants, Merritt Restaurant their officers, successors, assigns, and all persons in active concert or participation with them, from failing and refusing to comply with the recordkeeping requirements set forth in Section 107 of the ADA and 29 C.F.R. §1602.14.

Complaint                                      - 9

C.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for their employees with disabilities and which eradicate the effects of their past and present unlawful employment practices.

D. Order Defendants to make whole Jerry Gallon by providing appropriate back pay and benefits with prejudgment interest, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement and/or front pay and other appropriate relief to be determined at trial.

E.     Order Defendants to make whole Jerry Gallon by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including out of pocket expenses such as medical expenses, with interest, in amounts to be determined at trial.

F.     Order Defendants to make whole Jerry Gallon by providing compensation for past and future non-pecuniary losses caused by the above unlawful conduct, including pain and suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial.

G.     Order Defendants to pay Jerry Gallon punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper.

H.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

***signatures on following page***

Complaint                                   - 10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

P. DAVID LOPEZ
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, DC  20507

Dated:    September 8, 2011
_____
WILLIAM R. TAMAYO
Regional Attorney

Dated:    September 8, 2011
_____
JONATHAN T. PECK
Supervisory Trial Attorney

Dated:    September 8, 2011
_____
MARCIA L. MITCHELL
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office

Complaint                               - 11