Jinny Kim, State Bar No. 208953
Tamika L. Butler, State Bar No. 269576
The LEGAL AID SOCIETY –
    EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, CA 94104
Telephone:   (415) 864-8848
Facsimile:   (415) 593-0096
Emails:      jkim@las-elc.org
             tbutler@las-elc.org

Attorneys for Plaintiff-Intervenor
JERRY GALLON

**FILED**

SEP - 8 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.  CV 11-4468 EDL |
| Plaintiff, | **DECLARATION OF JINNY KIM IN SUPPORT OF MOTION TO INTERVENE** |
| v. | |
| MCKINNEY GRIFF., INC., THE MERRITT RESTAURANT, INC.,  MERRITT BAKERY CAFÉ, LLC dba MERRITT RESTAURANT & BAKERY | |
| Defendants. | |

I, JINNY KIM, declare as follows:

1.    I am an attorney at law licensed to practice in the State of California and before this Court, and am one of the attorneys representing Mr. JERRY GALLON.  I submit this Declaration in Support of the Motion to Intervene in the above-captioned matter.

2.    I have personal knowledge of the facts set forth in this declaration and am competent to testify to them.

3.    Attached hereto as Exhibit A is a true and correct copy of the Complaint in Intervention that Mr. Gallon requests permission to file.

Declaration of Jinny Kim in Support of Motion to Intervene, Case # CV 11-4468 EDL
1

1    4.    On September 8, 2011, the EEOC, as Plaintiff, filed a Complaint in this Court

2    based on the timely charge of discrimination Mr. Gallon filed with that agency.   Therein, the

3    EEOC alleges that Defendants unlawfully discriminated against Mr. Gallon.

4

5         I declare under penalty of the laws of the United States of America and the State of

6    California that the foregoing is true and correct, and that this declaration was executed in San

7    Francisco, California on September 7, 2011.

8

9         By:    _____

10                    JINNY KIM

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of Jinny Kim in Support of Motion to Intervene

2

EXHIBIT A

1  Jinny Kim, State Bar No. 208953
   Tamika L. Butler, State Bar No. 269576
2  The LEGAL AID SOCIETY –
       EMPLOYMENT LAW CENTER
3  180 Montgomery Street, Suite 600
   San Francisco, CA 94104
4  Telephone:   (415) 864-8848
   Facsimile:   (415) 593-0096
5  Emails:      jkim@las-elc.org
                tbutler@las-elc.org
6

7  Attorneys for Plaintiff-Intervenor
   JERRY GALLON
8

9            IN THE UNITED STATES DISTRICT COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  U.S. EQUAL EMPLOYMENT              Case No.  CV 11-4468  EDL
    OPPORTUNITY COMMISSION,
13                                     [PROPOSED] COMPLAINT FOR DAMAGES
                                       AND INJUNCTIVE RELIEF FOR
           Plaintiff,                  VIOLATIONS OF THE AMERICANS WITH
14                                     DISABILITIES ACT OF 1990, 42 U.S.C. §
        v.                             12101, ET SEQ.; CALIFORNIA'S FAIR
15                                     EMPLOYMENT AND HOUSING ACT, CAL.
    MCKINNEY GRIFF., INC., THE MERRITT GOV'T CODE § 12940, ET SEQ.;
16  RESTAURANT, INC.,  MERRITT BAKERY  CALIFORNIA'S UNFAIR BUSINESS
    CAFE, LLC dba MERRITT RESTAURANT   PRACTICES ACT, CAL. BUS. & PROF.
17  & BAKERY                           CODE § 17200, ET SEQ.; AND CALIFORNIA
                                       PUBLIC POLICY
18         Defendants.
                                       DEMAND FOR JURY TRIAL
19

20

21

22

23       Plaintiff-Intervenor Jerry Gallon complains and alleges as follows:

24                          INTRODUCTION

25       1.  This is an action for relief from Defendants' violations of Plaintiff-

26  Intervenor's civil rights.  These violations, which are more particularly alleged herein,

27  include discrimination, failure to reasonably accommodate, failure to engage in the

28

interactive process and retaliation as required by the Americans with Disabilities Act of 1990 (ADA), California's Fair Employment and Housing Act (FEHA), unlawful business practices in violation of California's Unfair Business Practices Act and violations of California's public policy.

2.   Plaintiff-Intervenor Jerry Gallon is an individual with a disability. Plaintiff-Intervenor was employed by Defendants and was qualified to perform his job duties with or without reasonable accommodation.

3.   Plaintiff-Intervenor seeks declaratory and injunctive relief, compensatory, general, and punitive damages, reasonable attorneys' fees and costs, as well as other appropriate relief as determined by this court, for Defendants' violations of his rights.

## JURISDICTION

4.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this case arises under federal law, specifically, the Americans with Disabilities Act (ADA).

5.   This Court has supplemental jurisdiction over Plaintiff-Intervenor's claims brought pursuant to the California Fair Employment and Housing Act (FEHA) pursuant to 28 U.S.C. § 1367(a). Plaintiff-Intervenor's state law claims all share common operative facts with his federal law claim, and the parties are identical. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

## VENUE

6.   Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b), because the events giving rise to Plaintiff-Intervenor's claims occurred in this District. Among other things, Defendants transact business in this District, maintain a restaurant in this District and employed Plaintiff-Intervenor and others in this District. In addition, Defendants unlawfully discriminated against Plaintiff-Intervenor in the Northern District of California.

## PARTIES

7.   Plaintiff-Intervenor Jerry Gallon is a person with a disability under Title I of the ADA and the FEHA. Plaintiff-Intervenor also has a record of disability within

Complaint for Employment Discrimination                                                            2

the meaning of state and federal disability nondiscrimination laws.  Plaintiff-Intervenor is informed and believes, and thereon alleges, that Defendants also regarded him as disabled within the meaning of state and federal disability nondiscrimination laws.

8.      Plaintiff-Intervenor is an otherwise qualified person within the meaning of state and federal disability nondiscrimination laws, including the ADA and the FEHA.

9.      Defendant MCKINNEY GRIFF., INC. operates a business in Oakland, California called Merritt Restaurant & Bakery ("Merritt Restaurant").  At all times relevant to this complaint Defendant has had at least 15 employees.  Defendant is a covered entity or employer within the meaning of Title I of the ADA and the FEHA.

10.     Defendant THE MERRITT RESTAURANT, INC. operates a business in Oakland, California called Merritt Restaurant & Bakery ("Merritt Restaurant").  At all times relevant to this complaint Defendant has had at least 15 employees.  Defendant is a covered entity or employer within the meaning of Title I of the ADA and the FEHA.

11.     Defendant MERRITT BAKERY CAFE, LLC operates a business in Oakland, California called Merritt Restaurant & Bakery ("Merritt Restaurant").  At all times relevant to this complaint Defendant has had at least 15 employees.  Defendant is a covered entity or employer within the meaning of Title I of the ADA and the FEHA.

12.     Plaintiff Equal Employment Opportunity Commission ("EEOC") is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADA.

13.     All of the acts and failures to act alleged herein were duly performed by and attributable to Defendants.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14.     Plaintiff-Intervenor Gallon has exhausted his administrative remedies.  He filed timely administrative charges of discrimination against Merritt Restaurant with the U.S. Equal Employment Opportunity Commission (EEOC) and the California Department of Fair Employment and Housing (DFEH).

Complaint for Employment Discrimination                                                    3

15.     The EEOC issued a letter of determination on March 18, 2011 finding "reasonable cause to believe that [Defendant] denied [Jerry Gallon] a reasonable accommodation, subjected him to disparate treatment, and terminated [Jerry Gallon] based on his disability, in violation of the statute."

## STATEMENT OF THE FACTS

16.     Plaintiff-Intervenor Gallon has a history of seizures, a disability within the meaning of the ADA and FEHA.

17.     In January 2009, Plaintiff-Intervenor Gallon was hired at Merritt Restaurant as a cook on the night shift.  He performed his job well and was soon given additional job duties and a pay increase.

18.     On September 2, 2009, Plaintiff-Intervenor Gallon was called into work at 3:00 p.m., two hours earlier than he was scheduled.  Plaintiff-Intervenor Gallon worked intensively on several large catering orders as well as the regular floor orders.

19.     While fulfilling the orders, and based upon his history of seizures in the past, Plaintiff-Intervenor Gallon felt that he was going to have a seizure.

20.     At about 6:00 p.m., Plaintiff-Intervenor Gallon told his manager that he was lightheaded and not feeling well.  Plaintiff-Intervenor Gallon also told the manager the last time he felt this way was when he had seizures in the past.  Plaintiff-Intervenor Gallon told the manager that he needed to take a break and go home.  The manager refused his request, and required that he remain at work.

21.     About five minutes later, Plaintiff-Intervenor Gallon had a seizure and fell to the ground in front of a co-worker.  His eyeglasses were broken during the seizure.  While Plaintiff-Intervenor Gallon was on the ground, he had another seizure in front of owner Charles Griffis.  He had a third seizure in the ambulance on the way to the hospital.

22.     Plaintiff-Intervenor Gallon was admitted to Highland Hospital for emergency care and released.  On September 3, 2009, Plaintiff-Intervenor Gallon reported to work as scheduled. He asked the owner, Charles Griffis, about filing a workers' compensation claim.  Mr. Griffis

Complaint for Employment Discrimination                                                                 4

1   replied that he did not have the forms.  Plaintiff-Intervenor Gallon attempted to provide his

2   hospital discharge papers to Mr. Griffis and a manager.  Neither would accept the paperwork.

3   Defendants refused to allow Plaintiff-Intervenor to work.

4         23.     The next day, September 4, 2009, Plaintiff-Intervenor Gallon again reported to

5   work as scheduled.  Plaintiff-Intervenor Gallon was told that he was being switched from the

6   night shift to the day shift.  No explanation was given.  Plaintiff-Intervenor Gallon was sent home

7   without pay.

8         24.     On September 5, 2009, Plaintiff-Intervenor Gallon was allowed to return to work

9   but involuntarily transferred to the day shift.  Plaintiff-Intervenor found that his hours were cut

10  from about 40 to about 30 hours per week.  Plaintiff-Intervenor complained about his involuntary

11  transfer to the day shift and his reduction in hours.

12        25.     About a week later, Plaintiff-Intervenor Gallon received a bill for about $1,500

13  from the ambulance company.  On or around September 16, 2009, Plaintiff-Intervenor Gallon

14  attempted to present the bill to the owner, and requested paperwork to file a workers'

15  compensation claim.  The owner refused to accept the bill, stating:  "I'm not paying this," and

16  "You'll need to get a gang of lawyers before I'll pay this," or words to that effect.  The owner

17  refused to provide him with a workers' compensation claim form.

18        26.     On or around September 18, 2009, Plaintiff-Intervenor Gallon was abruptly

19  terminated, purportedly because business was slow.

20        27.     Plaintiff-Intervenor Gallon is informed and believes that following his termination,

21  Merritt Restaurant hired two new employees to cover his duties.

22  **FIRST CLAIM FOR RELIEF**
Disability Discrimination

23  Americans with Disabilities Act of 1990
42 U.S.C. § 12101, *et seq.*

24        28.     Plaintiff-Intervenor incorporates by reference as if fully set forth herein

25  the allegations contained in paragraphs 1 through 27, above.

26        29.     The ADA prohibits an employer from discriminating "against a qualified

27  individual with a disability because of the disability of such individual in regard to . . .

28

other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  It is also unlawful for an employer to "deny[ ] employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant." 42 U.S.C. § 12112(b)(5)(B).  And, an employer must provide reasonable accommodation to its employees with disabilities, and may be required to engage in an interactive process with an employee who needs reasonable accommodation.  42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.2(o)(3).

30.     At all times relevant herein, Plaintiff-Intervenor was and is a qualified individual with a disability and able to safely perform all the essential functions of his position with or without accommodation.

31.     In violation of Plaintiff-Intervenor's rights under the ADA to be free from disability-based discrimination in employment, Defendants refused to provide reasonable accommodation for Plaintiff-Intervenor Gallon's disability, involuntarily suspended him, transferred him to the day shift and reduced his hours.  Defendants also terminated Plaintiff-Intervenor Gallon because of his disability.

32.     Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff-Intervenor's rights.

33.     As a direct and proximate result of these unlawful acts, Plaintiff-Intervenor has suffered and continues to suffer lost wages, employment benefits, and other compensation, in an amount to be proven at trial.

34.     As a further proximate result of these unlawful acts, Plaintiff-Intervenor has suffered and continues to suffer injuries, including emotional injuries.

35.     Plaintiff-Intervenor is entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

## SECOND CLAIM FOR RELIEF
Disability Discrimination
California's Fair Employment and Housing Act
Cal. Gov't Code § 12940, *et seq.*

36.     Plaintiff-Intervenor incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 35, above.

37.     It is unlawful under the FEHA for an employer to discriminate against an employee based on the disability of that person.  Cal. Gov't Code §§ 12926(i), 12940(a).  The FEHA also requires employers to provide reasonable accommodations to their employees with disabilities, and to engage in an interactive process to identify accommodations.  Cal. Gov't Code § 12940(a)(1), (m), (n).

38.     In violation of Plaintiff-Intervenor's rights under the FEHA to be free from disability-based discrimination in employment, Defendants refused to provide reasonable accommodation for Plaintiff-Intervenor Gallon's disability, involuntarily suspended him, transferred him to the day shift and reduced his hours.  Defendants also terminated Plaintiff-Intervenor Gallon because of his disability.

39.     Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff-Intervenor's rights.

40.     As a direct and proximate result of these unlawful acts, Plaintiff-Intervenor has suffered and continues to suffer lost wages, employment benefits and other compensation, in an amount to be proven at trial.

41.     As a further proximate result of these unlawful acts, Plaintiff-Intervenor has suffered and continues to suffer injuries, including emotional injuries.

42.     Plaintiff-Intervenor is entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

///

///

///

///

Complaint for Employment Discrimination                                      7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THIRD CLAIM FOR RELIEF
Failure to Accommodate
Americans with Disabilities Act of 1990
42 U.S.C. § 12101, *et seq.*

43.     Plaintiff-Intervenor incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 42 above.

44.     It is unlawful under the ADA for an employer "not [to] mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5).

45.     Plaintiff-Intervenor requested reasonable accommodation, and Defendants knew or should have known that accommodation was needed.  Defendants failed to accommodate Plaintiff-Intervenor or to implement policies, procedures, and practices to ensure reasonable accommodations to its employees with disabilities.

46.     In failing to accommodate Plaintiff-Intervenor, Defendants violated the ADA.

47.     Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff-Intervenor's rights.

48.     As a direct and proximate result of these unlawful acts, Plaintiff-Intervenor has suffered and continues to suffer lost wages, employment benefits and other compensation, in an amount to be proven at trial.

49.     As a further proximate result of these unlawful acts, Plaintiff-Intervenor has suffered and continues to suffer injuries, including emotional injuries.

50.     Plaintiff-Intervenor is entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

## FOURTH CLAIM FOR RELIEF
Failure to Accommodate
California's Fair Employment and Housing Act
Cal. Gov't Code § 12940(a), (m)

51.     Plaintiff-Intervenor incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 50, above.

Complaint for Employment Discrimination                                                    8

52.     It is unlawful under the FEHA for an employer "to fail to make reasonable accommodations for known physical or mental disability of an applicant or employee." Cal. Gov. Code § 12940(m); *see also* 12940(a)(1).

53.     Plaintiff-Intervenor requested reasonable accommodation, and Defendants knew or should have known that accommodation was needed. Defendants failed to accommodate Plaintiff-Intervenor or to implement policies, procedures, and practices to ensure reasonable accommodation.

54.     In failing to accommodate Plaintiff-Intervenor, Defendants violated California's FEHA.

55.     Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff-Intervenor's rights.

56.     As a direct and proximate result of these unlawful acts, Plaintiff-Intervenor has suffered and continues to suffer lost wages, employment benefits and other compensation, in an amount to be proven at trial.

57.     As a further proximate result of these unlawful acts, Plaintiff-Intervenor has suffered and continues to suffer injuries, including emotional injuries.

58.     Plaintiff-Intervenor is entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

**FIFTH CLAIM FOR RELIEF**
Failure to Engage in the Interactive Process
California's Fair Employment and Housing Act
Cal. Gov't Code § 12940(n)

59.     Plaintiff-Intervenor incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 58, above.

60.     Under the FEHA, it is unlawful for an employer "to fail to engage in a timely, good faith, interactive process with the employee … to determine effective reasonable accommodations, if any, in response for a reasonable accommodation by an employee … with a known physical or mental disability or known medical condition." Cal. Gov't Code § 12940(a), (n).

Complaint for Employment Discrimination                                                    9

61.     Defendants failed to engage in a timely, good faith, interactive process with Plaintiff-Intervenor to determine effective reasonable accommodations.

62.     Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff-Intervenor's rights.

63.     As a direct and proximate result of these unlawful acts, Plaintiff-Intervenor has suffered and continues to suffer lost wages, employment benefits and other compensation, in an amount to be proven at trial.

64.     As a further proximate result of these unlawful acts, Plaintiff-Intervenor has suffered and continues to suffer injuries, including emotional injuries.

65.     Plaintiff-Intervenor is entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

## SIXTH CLAIM FOR RELIEF
### Retaliation and Interference in Violation of
### Americans with Disabilities Act of 1990
### 42  U.S.C. § 12203

66.     Plaintiff-Intervenor incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 65, above.

67.     The ADA prohibits any person from discriminating against any individual for opposing any act made unlawful by the Act, and from interfering with any individual in the exercise or enjoyment of his or her rights under the Act.  42 U.S.C. § 12203(a), (b).

68.     In requesting accommodations for his disability, and in seeking to return to work, Plaintiff-Intervenor engaged in protected activities under the ADA, and was exercising or attempting to exercise his rights.

69.     In violation of 42 U.S.C. § 12203, Defendants retaliated against Plaintiff-Intervenor Gallon, and interfered with the exercise of his rights, by, among other things: suspending him, involuntarily transferring him to the day shift and reducing his hours, refusing to assist him with his workers compensation claim and terminating his employment.

Complaint for Employment Discrimination                                                                      10

70.     Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard to Plaintiff-Intervenor's right under the ADA to be free from retaliation and interference.

71.     As a proximate result of these unlawful acts, Plaintiff-Intervenor has suffered and continues to suffer lost wages, employment benefits, and other compensation.

72.     As a proximate result of these unlawful acts, Plaintiff-Intervenor has suffered injury, including emotional injury.

73.     Plaintiff-Intervenor is entitled to compensatory damages, any lost wages and benefits, injunctive and declaratory relief and attorneys' fees and costs.

## SEVENTH CLAIM FOR RELIEF
Retaliation in Violation of
California's Fair Employment and Housing Act,
Cal. Gov't Code § 12940(h)

74.     Plaintiff-Intervenor incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 73, above.

75.     In requesting accommodations for his disability, and in seeking to return to work, Plaintiff-Intervenor engaged in protected activities under the FEHA, and was exercising or attempting to exercise his rights.

76.     In violation of the FEHA, Defendants retaliated against Plaintiff-Intervenor Gallon, and interfered with the exercise of his rights, by, among other things: suspending him, involuntarily transferring him to the day shift and reducing his hours, refusing to assist him with his workers compensation claim and terminating his employment.

77.     Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard to Plaintiff-Intervenor's right under the FEHA to be free from retaliation.

78.     As a proximate result of these unlawful acts, Plaintiff-Intervenor has suffered and continues to suffer lost wages, employment benefits, and other compensation.

Complaint for Employment Discrimination                                           11

79.     As a proximate result of these unlawful acts, Plaintiff-Intervenor has suffered injury, including emotional injury.

80.     Plaintiff-Intervenor is entitled to compensatory damages, any lost wages and benefits, injunctive and declaratory relief and attorneys' fees and costs.

### EIGHTH CLAIM FOR RELIEF
Unlawful Business Practices
California's Unfair Business Practices Act
Cal. Bus. & Prof. Code § 17200, *et seq.*

81.     Plaintiff-Intervenor incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 80, above.

82.     Unfair practices prohibited by California's Unfair Business Practices Act include "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

83.     Defendants committed unlawful and unfair business practices, including but not limited to the following: (1) failing to accommodate Plaintiff-Intervenor; (2) failing to engage in a timely, good faith, interactive process to determine effective reasonable accommodations for Plaintiff-Intervenor; (3) involuntarily suspending him, (4) transferring him to the day shift and reducing his hours; and (5) terminating Plaintiff-Intervenor because of his disability and for stating his intention to file a workers' compensation claim.

84.     As a direct and proximate result of these unlawful acts, Plaintiff-Intervenor has suffered and continues to suffer lost wages, employment benefits and other compensation, in an amount to be proven at trial.

85.     As a further proximate result of these unlawful acts, Plaintiff-Intervenor has suffered and continues to suffer injuries, including emotional injuries.

86.     Plaintiff-Intervenor is entitled to restitution, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

## NINTH CLAIM FOR RELIEF
Disability Discrimination, Retaliation and Wrongful Termination
in Violation of California's Public Policy

87.    Plaintiff-Intervenor incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 86, above.

88.    It is the public policy of the State of California to bar employers from discriminating against their employees because of disability. This policy prohibits employers from terminating an employee because of his disability, and requires them to reasonably accommodate employees with disabilities. This public policy is well grounded in state and federal statutes, including the ADA, the FEHA, and the Unfair Business Practices Act. By discriminating against Plaintiff-Intervenor on the basis of disability, Defendants violated California's public policy.

89.    It is also the public policy of the State of California not to discriminate or discharge an employee because he has filed or made known his or her intention to file a claim for compensation. This public policy is well grounded in Labor Code section 132a. By subjecting Plaintiff-Intervenor to adverse actions and terminating his employment after he requested workers' compensation paperwork, Defendants violated California's public policy.

90.    Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard to Plaintiff-Intervenor's rights.

91.    As a proximate result of these unlawful acts, Plaintiff-Intervenor has suffered and continues to suffer lost wages, employment benefits, and other compensation.

92.    As a further proximate result of these unlawful acts, Plaintiff-Intervenor has suffered and continues to suffer injury, including emotional injury.

93.    Plaintiff-Intervenor is entitled to compensatory damages, any lost wages and benefits, injunctive and declaratory relief and attorneys' fees and costs.

## DECLARATORY RELIEF

94.    Plaintiff-Intervenor incorporates by reference the allegations in paragraphs 1 through 93, as though fully set forth herein. A present and actual

Complaint for Employment Discrimination                                              13

controversy exists between Plaintiff-Intervenor and Defendants concerning their rights and respective duties.  Plaintiff-Intervenor contends that Defendants violated his rights under the ADA and the FEHA.  Plaintiff-Intervenor is informed and believes, and thereon alleges, that Defendants deny these allegations. Declaratory relief is therefore necessary and appropriate.

94.   Plaintiff-Intervenor seeks a judicial declaration of the rights and duties of the respective parties.

## INJUNCTIVE RELIEF

95.   Plaintiff-Intervenor incorporates by reference the allegations in paragraphs 1 through 95, as though fully set forth herein.

96.   No plain adequate, or complete, remedy at law is available to Plaintiff-Intervenor to redress the wrongs addressed herein.

97.   If this court does not grant the injunctive relief sought herein, Plaintiff-Intervenor will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff-Intervenor respectfully requests that this court:

1.   Grant injunctive relief necessary to bring Defendants into compliance with the ADA, the FEHA, and the Unfair Business Practices Act;

2.   Grant such other injunctive relief as may be appropriate;

3.   Order Defendants to pay Plaintiff-Intervenor for the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff-Intervenor by reason of Defendants' violations of the law, in an amount to be proven at trial;

4.   Order Defendants to pay Plaintiff-Intervenor compensatory damages for Plaintiff-Intervenor's emotional pain and suffering, in an amount to be proven at trial;

5.   Order Defendants to pay Plaintiff-Intervenor exemplary and punitive damages;

6.   Order Defendants to pay Plaintiff-Intervenor reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action;

7.   Order Defendants to pay Plaintiff-Intervenor interest on such damages as

are appropriate, including pre- and post-judgment interest; and

        8.      Grant such other and further relief as this court may deem proper and just.

Dated:  September 8, 2011           Respectfully submitted,
                                     Jinny Kim
                                     Tamika L. Butler
                                     The LEGAL AID SOCIETY -
                                     EMPLOYMENT LAW CENTER

By                  _____
                        JINNY KIM
                        Attorneys for Plaintiff-Intervenor Jerry Gallon

## JURY TRIAL DEMAND

        Plaintiff-Intervenor hereby demands a jury trial on all issues so triable.

Dated:  September 8, 2011           Respectfully submitted,

                                       Jinny Kim
                                     Tamika L. Butler
                                     The LEGAL AID SOCIETY –
                                       EMPLOYMENT LAW CENTER

By:                 _____
                        JINNY KIM
                        Attorneys for Plaintiff-Intervenor Jerry Gallon

Complaint for Employment Discrimination                                  15